IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SHEMEKA R. GREENE,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        CV 125-199
                                      )
ASSET LIVING/THE PALMER ON            )
WASHINGTON,                           )
                                      )
            Defendant.                )

_____

## O R D E R

_____

In the parties' Rule 26(f) Report, Defendant requests to stay discovery pending resolution of its motion to dismiss Plaintiff's complaint, or in the alternative, compel arbitration. (Doc. no. 17, pp. 2, 3 6.)  Plaintiff opposes the stay. (Id. at 2, 4.))   For the reasons set forth below, the Court **GRANTS** the request for a stay.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary look at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the defense motion seeks dismissal of the remaining claim.  (See doc. no. 15.) Furthermore, even if the claim is not dismissed, Defendant also seeks to compel arbitration, which is another significant threshold issue that further weighs against commencing discovery at this stage in the proceedings.

Accordingly, when balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss, or in the alternative, compel arbitration.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (per curiam) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . .  [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'"); Workman v. Hire Techs., Inc., No. CV 120-070, 2020 WL 5637083, at *1 (S.D. Ga. Sept. 21, 2020) (staying discovery pending motion to compel arbitration and reasoning "'allowing discovery at this juncture will force upon Defendant[] the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement.' This consideration is more important than any inefficiencies caused by the stay." (quoting Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc., No. CV 12-00027-KD-B, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012))).

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendant's motion to dismiss, or in the alternative, compel arbitration. Should any portion of the case remain after resolution of the motion, (doc. no. 15), the parties shall confer and submit a new Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling. Based on the foregoing, the Court **DIRECTS** the **CLERK** to terminate the motion associated with the Rule 26(f) Report. (Doc. no. 17.)

SO ORDERED this 8th day of January, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA